AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

FILED by _____ D.C.

APR 2 1 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| CHRISTOPHER MASSENA, a/k/a "Slim," | ) | Case No. |
| | ) | 16-8138-JMH |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ March 1, 2016 _____ in the county of _____ Palm Beach _____ in the

_____ Southern _____ District of _____ Florida _____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, United States Code, Section 841(a)(1). | Distribution of a controlled substance, namely a mixture or substance containing a detectable amount of heroin. |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

DEA TFO Richard J. Segedin
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/21/16

_____
*Judge's signature*

City and state:      West Palm Beach, Florida

U.S. Magistrate Judge James M. Hopkins
*Printed name and title*

**AFFIDAVIT**
**OF**
**RICHARD J. SEGEDIN**
**TASK FORCE OFFICER**
**DRUG ENFORCEEMNT ADMINISTRATION**

I, Richard J. Segedin, being duly sworn, depose and state as follows:

1.      I am a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA) United States Department of Justice (DOJ), currently assigned to the Miami Field Division.  As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516(1)(e) and Title 21, United States Code.

2.      I have been a TFO with the DEA since July of 2014.  I am currently assigned to the DEA West Palm Beach District Office.  Prior to my assignment with the DEA, I was assigned to the Palm Beach County Sheriff's Office Narcotics Division since October of 2009.  I am currently assigned to investigations dealing with all aspects of importation, manufacturing, and distribution of illegal drugs. I have advanced training in Clandestine Laboratory Investigations.

3.      During my law enforcement tenure, I have received ongoing training to include classes in Basic Telecommunication Exploitation, Wire and Oral Telecommunication Interceptions. I completed the 40 hour course, Narcotics and Dangerous Drugs Investigations at Palm Beach Community College on June 11, 2009.  I completed 80 hours DEA Basic Narcotics Investigator School February 4, 2011.  I am aware of the alias names of the many drugs that are currently being used in Palm Beach County as well. I completed a 40-hour course of instruction on Investigation of Clandestine Drug Manufacturing /Indoor Cannabis Growing Operations.  This course was presented at the Regional Counterdrug Training Academy, Meridian, Mississippi in April of 2012. I completed the Hazardous Materials Technician/WMD/Clandestine Lab Safety Course in May of

1

2012 in Quantico, Virginia. In March 2015, I took on the responsibilities as the Clandestine Laboratory Coordinator for the West Palm Beach District Office for the DEA. As a TFO with the DEA, I have conducted investigations of, and have been instructed in investigative techniques concerning the unlawful distribution of illegal narcotics, possession with intent to distribute controlled substances, importation of illegal narcotics, use of communication facilities to conduct illegal narcotics transactions, maintaining places for purposes of manufacturing, distributing or using controlled substances and conspiracies to commit these offenses, in violation of Title 21, United States Code Sections 841(a)(1), 843(b), 856, 846, 952, and 963, respectively. Based upon this experience, and through the experience of other agents and detectives with numerous years of experience, I have also become well versed in the methodology utilized in illegal narcotics trafficking, the specific type of language used by illegal narcotics traffickers, and the unique patterns employed by narcotics organizations. I have also conducted physical surveillances, electronic surveillances, and wire surveillances. Additionally, I have arrested individuals for various drug violations and have spoken with a number of drug dealers, drug users, and informants concerning the methods and practices of drug traffickers.

4.      This affidavit is based upon my own knowledge, as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation, but only those facts necessary to establish probable cause to believe that Christopher MASSENA committed the offense of Distribution of a Controlled Substance, namely a mixture or substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(a)(1).

5.      On or about March 1, 2016, a law enforcement officer acting in an undercover capacity (UC) contacted Christopher MASSENA (MASSENA) for the purpose of purchasing heroin. Specifically, on March 1, 2016, the UC placed a recorded telephone call to an individual

known as "Slim" using telephone number 561-541-1927. During this conversation, the UC asked "Slim" for one hundred dollars worth of "the same thing" he had previously purchased referring to heroin. "Slim" told the UC that he had the heroin available and told the UC he would have to meet him ("Slim") in Lake Worth, Florida. "Slim" told the UC to call when the UC was on the way.

6.     At approximately 3:00 p.m. the UC contacted "Slim" and told "Slim" that he (UC) was in the area. "Slim" told the UC to meet him in the same place as the last time. The UC drove his unmarked vehicle to the 1200 block of 14th Avenue South in Lake Worth, Florida located within the Southern District of Florida and parked his vehicle. Shortly thereafter, the UC saw "Slim" as he approached the passenger side of the undercover vehicle. "Slim" entered the undercover vehicle and sat in the front passenger seat. "Slim" asked the UC if he was a law enforcement officer. The UC said, "No." "Slim" said, "Ok" and gave the UC a bag containing five smaller plastic bags. Each of the individual plastic bags contained a light brown powder suspected to be heroin. The UC then gave "Slim" a one hundred dollar bill in U.S. currency obtained from investigative funds. "Slim" then exited the undercover vehicle and left the area.

7.     The suspected heroin was later field tested which resulted in a positive finding for the presence of heroin and weighed approximately 0.8 grams. The telephone calls made between the UC and "Slim" outlined above were recorded and are secured in evidence. The distribution of heroin outlined above was also video recorded and is also secured in evidence. As the investigation continued, law enforcement officers were able to positively identify "Slim" as MASSENA. In addition, the heroin purchased by the UC from MASSENA as outlined above was sent to the DEA Crime Laboratory for further testing which confirmed that the substance is in fact heroin hydrochloride with a net weight of .38 grams.

8.     Based on the foregoing, I respectfully submit that probable cause exists to believe that, on or about March 1, 2016, Christopher MASSENA, committed the offense of Distribution of

a Controlled Substance, namely a mixture or substance containing a detectable amount of heroin, in

violation of Title 21, United States Code, Section 841(a)(1).

Richard J. Segedin
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me this _____21_____ day of April, 2016.

JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>16-8138-JMH</u>

UNITED STATES OF AMERICA

vs.

CHRISTOPHER MASSENA,
      a/k/a "Slim,"

                        Defendant.

_____/

## CRIMINAL COVER SHEET

1.     Did this matter originate from a matter pending in the Northern Region of the United
        States Attorney's Office prior to October 14, 2003?   _____ Yes   \_\_\_X\_\_\_\_
        No

2.     Did this matter originate from a matter pending in the Central Region of the United States
        Attorney's Office prior to September 1, 2007?   _____ Yes   \_\_\_X\_\_\_\_ No

                              Respectfully submitted,

                              WIFREDO A. FERRER
                              UNITED STATES ATTORNEY

BY:    _____
                Jennifer C. Nucci
                Assistant United States Attorney
                Florida Bar No. 171700
                500 S. Australian Avenue, Suite 400
                West Palm Beach, FL 33401
                TEL:   (561) 820-8711
                FAX:   (561) 805-9846